# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CANDACE DES ARMO COURY,**
       **Plaintiff,**

   v.                                           Case No. 04C0590

**UNITED STATES DEPARTMENT
OF LABOR, et al.,**
       **Defendants.**

## DECISION AND ORDER

On June 16, 2004, plaintiff Candace Des Armo Coury filed the present action pursuant to Title VII asserting that defendants discriminated against her on the basis of her race, gender, age, disability, and in reprisal for her filing discrimination complaints. On December 14, 2006, defendants filed a motion to dismiss requesting that I dismiss plaintiff's complaint with prejudice for failure to prosecute under Fed. R. Civ. P. 41(c), or alternatively for failure to state a claim.

Although plaintiff participated in two telephone conferences, she has otherwise failed to participate in every remaining aspect of this case, including making initial disclosures as required by Fed. R. Civ. P. 26, conducting discovery, appearing for a deposition, and responding to defendants' motion to dismiss. In their motion, defendants' assert that despite diligent efforts to secure plaintiff for a deposition, she continually made excuses for not appearing and finally stopped answering her telephone. Further, plaintiff refuses to accept certified mail or other documents upon which receipt requires her signature, thereby precluding defendants' from serving her with deposition notices, interrogatories and requests to admit. On February 22, 2006, I sent plaintiff a warning

indicating that if she failed to respond to defendant's motion to dismiss I would decide the matter without her response.

Fed. R. Civ. P. 41(c) permits defendant's to move for involuntary dismissal "for failure of the plaintiff to prosecute or to comply with these rules or any order of court." Further, Civil L.R. 43.1 provides: "whenever it appears to the Court that the plaintiff is not diligently prosecuting the action, the Court may enter an order of dismissal with or without prejudice. Any affected party can petition for reinstatement of the action within twenty (20) days." A dismissal with prejudice is a harsh sanction which should usually be employed only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing. Ellingsworth v. Chrysler, 665 F.2d 180, 185 (7th Cir.1981).

Based upon plaintiff's prior actions in this matter, I conclude that dismissal with prejudice is appropriate. Defendants' have expended time and resources attempting to litigate the matter, and their efforts have been hampered by plaintiff's conduct. There is a clear record of avoidance and delay, and plaintiff has shown no indication that she desires to continue pursuing this action.

**IT IS THEREFORE ORDERED** that defendants' motion to dismiss is **GRANTED** and this action be **DISMISSED WITH PREJUDICE**.

Dated at Milwaukee, Wisconsin, this 21 day of June, 2006.

/s_____
LYNN ADELMAN
District Judge